Filed 10/30/24  Cooper v. Cooper CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL COOPER, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SUZANNE C. COOPER, <br><br> Defendant and Appellant. | G062794 <br><br> (Super. Ct. No. 30-2022-01252918) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Nathan T. Vu, Judge. Reversed.

Smith LC, John S. Clifford and Stephanie P. Alexander for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Plaintiffs Christopher C. Cooper and Michael Cooper, as trustee of the Christopher Michael Cooper Trust (the Trust), sued defendant Suzanne C. Cooper,[1] for, as relevant to this appeal, fraudulent misrepresentation. Their claim was based on allegations Suzanne, who is Christopher's ex-wife, made false statements during settlement negotiations in Suzanne and Christopher's marital dissolution case regarding a community debt owed the Trust. The trial court granted Suzanne's special motion to strike that claim under Code of Civil Procedure section 425.16[2] as to Christopher, but denied it as to Michael. Suzanne appeals the trial court's order denying the motion as to Michael.

We reverse. For the reasons we explain, Suzanne established the fraudulent misrepresentation claim arose out of protected activity within the meaning of section 425.16, subdivision (e)(2) (section 425.16(e)(2)). As neither Christopher nor Michael filed any opposition to the motion, they failed to carry their burden of showing a probability of prevailing on the merits of that claim. Consequently, the trial court should have granted the motion as to both Christopher and Michael.

---

[1] As the parties to this lawsuit share the same surname, we refer to them by their first names for clarity; we intend no disrespect. Our references to Michael Cooper as "Michael" are solely in his capacity as trustee of the Trust, unless otherwise specified. We refer to Christopher and Michael collectively as "plaintiffs."

[2] "SLAPP is an acronym for 'strategic lawsuit against public participation.' [Citation.]" (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 413, fn. 2.) All further statutory references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

### I.

### THE COMPLAINT

Plaintiffs filed a complaint against Suzanne asserting claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent misrepresentation. The complaint alleged the following facts.

In 2006, Suzanne and Christopher were married. In 2008, the Trust loaned Suzanne and Christopher $360,000, which the couple later used to purchase real property in 2009 (the residence). Suzanne and Christopher signed a promissory note providing the Trust a security interest in the residence and stating their agreement to repay the loan on or before March 30, 2018.

In June 2016, Suzanne and Christopher legally separated. "From that point forward, [Suzanne] maintained exclusive use and control of the residence." Pursuant to a court order entitling her to sell the residence, in January 2019, Suzanne sold the residence to a third party for $985,000. Suzanne "thereby received a windfall and kept to herself all of the proceeds from the 2019 sale of the residence" and "did not repay any money due under the promissory note, despite the principal payment being past due and despite the Trust holding a security interest in the residence pursuant to the note." (Some capitalization omitted.)

In November 2019, Christopher and Michael attempted to recover from Suzanne unpaid principal balance and interest on the loan. "During the course of these negotiations," Suzanne proposed to Michael and Christopher that the "Trust . . . forgive $180,000 in principal and $49,248 in interest owed by [Suzanne] to the Trust under the promissory note," and that Michael Cooper (as an individual) "and his spouse [agree to] pay the

3

education costs of Christopher and [Suzanne]'s three children through their college undergraduate degrees or the age of 23, whichever occurred first." (Some capitalization omitted.) In exchange, Suzanne proposed she "would waive any right or claim against Christopher for (i) all unpaid child support allegedly owed to [Suzanne] since April 1, 2019, and (ii) all future potential obligations to pay [Suzanne] child support, medical expenses, or child care payments; and Christopher would receive from [Suzanne] limited visitation rights with his three children." (Italics and some capitalization omitted.)

The complaint further alleged Suzanne never intended to waive any right to child support or other payments from Christopher and falsely promised to Michael and Christopher she would waive such rights, "while intending to induce Michael (as trustee) to forgive and/or stop pursuing repayment of [Suzanne]'s debts to the Trust under the promissory note." (Some capitalization omitted.)

## II.

### THE ANTI-SLAPP MOTION

Suzanne filed a special motion to strike the fraudulent misrepresentation claim (the motion). Suzanne argued that claim was based on statements Suzanne allegedly made in the context of resolving Suzanne and Christopher's dispute over an allegedly omitted community liability in their family law case and child support. As such statements were made "'in connection with' a judicial proceeding," she contended they constituted protected activity within the meaning of section 425.16(e)(2). She further argued plaintiffs could not carry their burden of demonstrating a probability of prevailing on the merit of their claim because, inter alia, "the litigation privilege protects [Suzanne] from tort liability for the alleged acts in the Complaint."

4

The motion was supported by Suzanne's declaration, in which she asserted the following. Suzanne filed for dissolution of her marriage to Christopher in August 2016 and a default judgment on reserved issues was entered in the divorce proceeding in January 2019 (the January 2019 judgment). "At some point after the default judgment was entered," Christopher claimed the unpaid debt on the promissory note was an "omitted liability" as it was not addressed in the January 2019 judgment. "During the time period in which [the instant] Civil Complaint alleges negotiations regarding the promissory note were taking place, Christopher was in arrears in his child support obligations" with regard to Suzanne and Christopher's three children.

Suzanne further declared she and Christopher resolved their dispute regarding the promissory note and the amount of child support owing by signing a July 28, 2022 stipulation and order, also signed by the trial court and then filed in Suzanne and Christopher's family law case. Suzanne attached a copy of the stipulation and order to her declaration, which contains the following recitals: (1) Pursuant to the January 2019 judgment, Christopher was to pay Suzanne $1,667 in monthly child support and one-half the cost of child care for the parties' three children ($600 per month) and "child support arrears and costs have been accruing since August 1, 2018"; (2) Pursuant to the January 2019 judgment, after Christopher declined the opportunity to buy out Suzanne's interest in "the community property" residence, the residence was sold "and the net proceeds, after specified deductions, [were] divided equally between the parties"; and (3) The parties' joint debt owed under the promissory note was never paid.

The stipulation and order provided the parties agreed to the following terms: (1) Christopher "shall indemnify [Suzanne] and hold [her]

5

harmless in relation to the monies owed to the Trust by [her], in the amount of $180,000.00, pursuant to the Promissory Note"; (2) Suzanne "shall waive any and all child support arrears and costs owed by [Christopher] to [her], pursuant to the child support order" contained in the January 2019 judgment, and incurred since that date; (3) "Commencing the date this order is signed, Child Support owed from [Christopher] to [Suzanne] shall be set at zero ($0). Further, [Christopher] shall not be obligated to pay one-half of the cost of child care for the parties' three minor children, in the sum of $600 per month to [Suzanne], as set forth in the January 10, 2019 Judgment"; and (4) Suzanne will not seek modification of the $0 child support order within two years of the entry of the order on the stipulation.

According to Suzanne's declaration, she has since closed her child support collection case and Christopher "has received the waiver of child support arrears." She further stated, "consistent with our settlement, Christopher is currently paying no child support." Nevertheless, she stated, five months after the trial judge in the family law case signed the stipulation and order, Christopher and Michael filed the instant action.

Christopher and Michael did not file an opposition to the motion. Suzanne thereafter filed a notice of plaintiffs' non-opposition to the motion.

III.

### THE TRIAL COURT GRANTS THE MOTION AS TO CHRISTOPHER, BUT DENIES IT AS TO MICHAEL

The trial court issued a tentative ruling granting the motion in its entirety. In its tentative ruling, the court concluded the fraudulent misrepresentation claim was based on Suzanne's alleged false statements during negotiations in Suzanne and Christopher's family law case and thus arose from protected activity within the meaning of section 425.16. The court

6

further concluded plaintiffs failed to meet the shifted burden of demonstrating a probability of prevailing on the merits of that claim as they did not file an opposition and did not submit any admissible evidence.

The trial court's minute order from the hearing on the motion states plaintiffs' counsel "request[ed] clarification on the tentative ruling," the court heard oral argument, and the court took the matter under submission. No court reporter was present at the hearing.

In a minute order dated May 4, 2023, the trial court changed its tentative ruling to grant the motion only as to Christopher, but to deny it as to Michael. As in its tentative ruling, the trial court explained Suzanne met her initial burden to show the statements underlying the fraudulent misrepresentation claim arose from protected activity within the meaning of section 425.16, as they were made during Suzanne and Christopher's family law case. But the court also concluded Suzanne had not met that same burden with regard to the same statements as to Michael because "any alleged misrepresentations made by [Suzanne] to Plaintiff Michael were not part of the negotiations regarding the dissolution action because Plaintiff Michael was not a party to that action." The court continued: "Nor were any alleged misrepresentations part of any legal action between Plaintiff Michael and [Suzanne] because there is no evidence of any such action."

Suzanne timely appealed from the order denying the motion as to Michael.

## DISCUSSION

### I.

SECTION 425.16 AND THE GOVERNING STANDARD OF REVIEW

"The anti-SLAPP statute does not insulate defendants from any liability for claims arising from the protected rights of petition or speech. It

only provides a procedure for weeding out, at an early stage, meritless claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384, italics omitted.)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).)

"We review an order granting or denying an anti-SLAPP motion under the de novo standard and, in so doing, conduct the same two-step process to determine whether as a matter of law the defendant met its burden of showing the challenged claim arose out of protected activity and, if so, whether the plaintiff met its burden of showing probability of success." (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 42.)

II.
THE FRAUDULENT MISREPRESENTATION CLAIM ARISES OUT OF PROTECTED ACTIVITY AS TO BOTH PLAINTIFFS

In the first step of the anti-SLAPP analysis, we determine whether the fraudulent misrepresentation claim arises from an act by Suzanne in furtherance of her right of free speech or right of petition. (§ 425.16, subd. (e).) Section 425.16, subdivision (e) defines an "'act in furtherance of a person's right of petition or free speech . . . in connection with a public issue'" as, inter alia, "any written or oral statement or writing

8

made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (§ 425.16(e)(2).)

In its minute order, the trial court acknowledged the fraudulent misrepresentation claim is based on allegations Suzanne made certain statements to both plaintiffs, stating: "The 4th cause of action for fraudulent misrepresentation alleges that Defendant promised Plaintiffs that she would waive certain rights and claims to child support payments from Plaintiff Christopher Cooper (Plaintiff Christopher) and grant to him limited visitation rights in return for forgiveness of all principal and interest payments owed by Defendant for a loan given by non-party Christopher Michael Cooper Trust (Trust) to Defendant and Plaintiff Christopher."

The trial court also acknowledged Suzanne's alleged false statements were all made in the context of negotiations to address division of the marital community's debt under the promissory note that was then at issue in Suzanne and Christopher's family law case. The court explained in its minute order:

"Defendant contends that the 4th cause of action arises out of the exercise of her protected petitioning activity because the alleged misrepresentations were made during negotiations in the course of Defendant and Christopher's dissolution proceedings in Orange County Superior Court Case Number 16D007455.

"'The constitutional right of petition encompasses "the basic act of filing litigation."' [Citation.] Thus, 'a claim based on actions taken in connection with litigation falls "squarely within the ambit of the anti-SLAPP statute's 'arising from' prong." Citation.]

9

"Courts have adopted 'a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16.' [Citation.] . . . Settlement negotiations and agreements are considered to have been made 'in connection with' litigation for purposes of section 425.16. [Citation.] [¶] . . . [¶]

"*Defendant has provided evidence that all negotiations involving the loan from the Trust were made during Plaintiff Christopher's and Defendant's dissolution action.* [Citation.] Thus, Defendant has met her initial burden to show that the Complaint's allegations arise from protected activity with respect to Plaintiff Christopher." (Italics added.)

Notwithstanding the court's conclusion that all of Suzanne's alleged false statements constitute protected activity within the meaning of section 425.16(e)(2), the court denied the motion as to Michael, concluding because Michael was not a party to the family law case, those same statements lose their protected activity status vis-à-vis him. The court explained in its minute order: "Plaintiffs point out that Plaintiff Michael Cooper (Plaintiff Michael) was not a party to the dissolution action between Plaintiff Christopher and Defendant, and that there is no evidence that the alleged misrepresentations were made as part of any legal action between Plaintiff Michael and Defendant. [¶] Plaintiffs are correct. Therefore, any alleged misrepresentations made by Defendant to Plaintiff Michael were not part of the negotiations regarding the dissolution action because Plaintiff Michael was not a party to that action. Nor were any alleged misrepresentations part of any legal action between Plaintiff Michael and Defendant because there is no evidence of any such action. Thus, Defendant has not met her initial burden to show that the Complaint's allegations arise from protected activity with respect to Plaintiff Michael."

10

The trial court does not cite any legal authority supporting the court's conclusion identical conduct under identical circumstances can both qualify as protected activity under section 425.16(e)(2) with respect to one plaintiff, but at the same time fail to qualify as protected activity as to another plaintiff. Because plaintiffs did not file an opposition to the motion, Christopher did not appeal from the order granting the motion as to him, and Michael did not file a respondent's brief in this appeal, we do not have the benefit of knowing what legal authority, if any, plaintiffs may have offered the trial court in support of such a conclusion.

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from *any act* of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue *shall be subject to a special motion to strike*, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Italics added.) Here, the trial court concluded, and we agree, the fraudulent misrepresentation claim is based on allegations of false statements made during settlement negotiations and thus arises from an act of Suzanne in furtherance of her right of petition within the meaning of section 425.16, subdivision (b)(1). (See *Bonni, supra*, 11 Cal.5th at p. 1024 [settlement negotiations, whether occurring while a suit is pending or those preceding the filing of a suit "are protected activity for anti-SLAPP purposes"]; *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 114 (*Optimal Capital*) ["because settlement negotiations are regarded as an exercise of the right to petition, communications during such negotiations are regarded as having been made in connection with the underlying lawsuit for purposes of section 425.16,

11

subdivision (e)(2)"].) Moreover, that plaintiffs allege Suzanne made *false* statements in the settlement negotiations "does not remove them from the definition of protected activity." (*Bonni, supra*, 11 Cal.5th at p. 1025; *Optional Capital, supra*, 18 Cal.App.5th at p. 114 ["The protection of the anti-SLAPP statute applies 'even against allegations of fraudulent promises made during the settlement process'"].)

Neither section 425.16 itself nor case law interpreting that statute supports the conclusion Suzanne's alleged false statements, made indisputably in the context of settlement negotiations pertinent to the family law case, fail to qualify as a protected act in furtherance of her right of petition with respect to Michael simply because he is a nonparty to that family law case.

"Cases construing the anti-SLAPP statute hold that 'a statement is "in connection with" litigation under section 425.16, subdivision (e)(2) if it relates to the substantive issues in the litigation *and is directed to persons having some interest in the litigation.*'" (*Optional Capital, supra*, 18 Cal.App.5th at pp. 113–114.) Here, the alleged false statements underlying the fraudulent misrepresentation claim were all made in the context of negotiations seeking to resolve Christopher's contention the $360,000 loan from the Trust constituted a community debt that was omitted from the January 2019 judgment in the family law case. The legitimate connection of those negotiations to the family law case is directly evidenced by Suzanne and Christopher entering into the stipulation and order resolving their respective liability as to the loan, which stipulation and order was signed by the trial court in the family law case and filed. There is no question Michael, as trustee of the Trust which made the loan at issue, had some interest in

12

how Suzanne and Christopher agreed to resolve responsibility for the outstanding joint debt on that loan.

The trial court therefore erred in concluding Suzanne failed to demonstrate the fraudulent misrepresentation claim arose out of protected activity as to Michael. Michael thereafter failed to meet his burden of demonstrating a probability of prevailing on the merits of the claim as he did not file an opposition or submit any admissible evidence. Consequently, the motion should have been granted, in its entirety, as to both plaintiffs.

## DISPOSITION

The order denying the anti-SLAPP motion as to Michael is reversed. Appellant to recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.

13